UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GEORGE FALCONE,<br><br>　　Plaintiff,<br><br>v.<br><br>NEAL DICKSTEIN, personally and in his capacity as the Superintendent of Freehold Public Schools, MICHELLE LAMBERT, personally and in her capacity as the President of the Freehold Board of Education, MICHAEL S. AMOROSO, personally and in his capacity as the Vice President of the Freehold Board of Education, JENNIFER PATTEN, personally and in her capacity as a member of the Freehold Board of Education, DEBRA COSTANZA, personally and in her capacity as a member of the Freehold Board of Education, ELENA O'SULLIVAN, personally and in Her capacity as a member of the Freehold Board of Education, MARY COZZOLINO, personally and in her capacity as a member of the Freehold Board of Education, Education, MEG THOMANN, personally and in her capacity as a member of the Freehold Board of Education, NEIL GARGIULO, personally and in his capacity as a member of the Freehold Board of Education, KERRY VENDITTOLI, personally and as a member of the Freehold Board of Education,) FREEHOLD BOARD OF EDUCATION, FREEHOLD TOWNSHIP POLICE DEPARTMENT, MYROSLAV ALFELDI, personally and in his capacity as a Freehold Township Police Officer, JOHN DOES 1-25,) said names being fictitious,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br><br><br>**VERIFIED COMPLAINT<br>AND JURY DEMAND** |

The plaintiff, George Falcone, residing at 510 East Freehold Road, Freehold, New Jersey, by and through his attorneys Murray-Nolan Berutti LLC, with knowledge as to his own acts, and upon information and belief as to all others, hereby complains of the defendants as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 USC § 1983 such that jurisdiction exists pursuant to 28 USC Section 1331.

2. Supplemental jurisdiction exists pursuant to 28 USC § 1367.

3. Venue of this matter is proper pursuant to 28 USC § 1391(b)(1), as the Plaintiff resides in this District.

## THE PARTIES

4. The Plaintiff is a resident of the Freehold Township, is a taxpayer, and has two children living in Freehold Township.

5. Neil Dickstein is an individual and the Superintendent of Freehold Public Schools and held such position on February 8, 2022 and still today.

6. Michelle Lamber. is an individual and the President of the Freehold Board of Education, and held such position on February 8, 2022 and still today.

7. Michael S. Amoroso is an individual and the Vice President of the Freehold Board of Education, and held such position on February 8, 2022 and still today.

8. Jennifer Patten is and individual a member of the Freehold Board of Education, and held such position on February 8, 2022 and still today.

9. Debra Costanza is and individual a member of the Freehold Board of Education, and held such position on February 8, 2022 and still today.

10. Elena O'Sullivan is and individual a member of the Freehold Board of Education, and held such position on February 8, 2022 and still today.

11. Mary Cozzolino is and individual a member of the Freehold Board of Education, and held such position on February 8, 2022 and still today.

12. Meg Thomann is and individual a member of the Freehold Board of Education, and held such position on February 8, 2022 and still today.

13. Neil Gargiulo is and individual a member of the Freehold Board of Education, and held such position on February 8, 2022 and still today.

14. Kerry Vendittoli is and individual a member of the Freehold Board of Education, and held such position on February 8, 2022 and still today.

15. Freehold Board of Education is a municipal government entity, funded by the taxpayers of Freehold Township, with offices located at 384 W Main St, Freehold, NJ 07728.

16. Freehold Township Police Department is a municipal public entity, paid for in whole or in part by the taxpayers of the Freehold Township.

17. Myrolsav Alfeldi is an individual and an officer of the Freehold Township Police Department who issues a Complaint and Summons to the plaintiff on or about February 8, 2022, in violation of the plaintiff's civil and other rights.

18. John Does 1-25, said names being fictitious, are similarly situated and likeminded actors as the above-named individual defendants and or municipal entity defendants individually and/or in their official capacities.

## THE FACTS PERTINENT TO ALL COUNTS

19. On February 8, 2022, the Freehold Board of Education (the "Board") held a public meeting at the Board of Education, 384 Main Street, Freehold, New Jersey.

20. The subject building is not used for classroom study and does not host students for classes.

21. The plaintiff was known by defendants, or some of them for being against mask mandates in public schools and previously had taken a stand at BOE meetings against mask mandates.

22. Prior to the February 8, 2022 Board meeting, the plaintiff began a social media campaign wherein he sought to drum up popular support for serving notice on the Board related to the plaintiff's assertion that defendants were liable for harming children with the mask mandate that they were enforcing which, the plaintiff publicly and in social media asserted, he believed compelled the Board to ignore any mask mandate imposed by Executive Order.

23. Such activities by the plaintiff constituted political speech which is protected by the United States Constitution and laws and the New Jersey State Constitution and laws.

24. Upon information and belief, the defendants, or some of them, were aware of the plaintiff's protected speech activities prior to his attendance at a BOE meeting on February 8, 2022.

25. On February 8, 2022, the plaintiff entered the subject building without a mask with the well known intent to engage in protected political speech and activity regarding unmasking.

26. School was not in session, and no students or teachers were in the building at the time of the BOE meeting for purposes of engaging in school activity.

27. The BOE meeting start time was 7:30 pm.

28. Prior to the meeting, defendant Amoroso approached the plaintiff and about fifteen (15) others who came to the the meeting in support of the plaintiff, none of whom were wearing masks, and advised that they had to put masks on or the meeting would not commence.

29. The plaintiff advised defendant Amoroso that they would not put on masks, in what was an overt and obvious political protest against the Board's masking policies.

30. As a result thereof, defendants called the defendant Freehold Township Police Department for assistance with their desired efforts to force the plaintiff and others to wear masks at the meeting in violation of their civil rights, to wit, protected symbolic speech and political speech as aforestated.

31. Defendant Alfeldi thereafter arrived at the subject building and repeatedly insisted that the plaintiff must put on his mask. All of Alfeldi's comments were directed at the plaintiff, whose protected political activities and speech were known and/or anticipated by the defendants, or some of them.

32. The plaintiff responded with the advice that he was engaged in constitutionally protected activities, including his remaining unmasked, and that he would not put on a mask unless defendant Alfeldi advised that he would be arrested for not doing so.

33. Defendant Alfeldi repeatedly reassured the plaintiff that he was not going to be arrested.

34. Upon information and belief, defendant Alfeldi advised the plaintiff that he would not be arrested because he knew or reasonably believed that the plaintiff was engaged in protected political and symbolic speech as aforesaid.

35. After some period of time, the Board assembled for the meeting and, prior to the meeting's start, the maskless plaintiff served what he believed were legal papers on each Board member in keeping with his protected political and symbolic speech.

36. The plaintiff thereafter spoke at the podium for public citizen speakers, and was approached by a second police officer who advised the plaintiff that he had to wear a mask. The plaintiff turned to look at such police officer and pointed out that the police officer himself was not masked.

37. At no time was the plaintiff advised that he was trespassing.

38. At no time did the plaintiff see a sign or notice posted that his attendance at the public meeting in any way constituted a trespass.

39. At no time on February 8, 2022 did the plaintiff breach any fencing or other enclosure designed to keep out intruders.

40. At no time did the plaintiff act in a disorderly manner which interrupted the Board meeting as it was in progress.

41. Following the Board meeting, the plaintiff was issued Complaint and Summons number 1316-S-2022-000069 by defendant Alfeldi on behalf of the defendant Freehold Township Police Department, alleging that the plaintiff had violated New Jersey Statute 2C:18-3B(1), defiant trespass.

42. None of the other individuals who attended the Board meeting and who also remained maskless for the entirety of the meeting received warnings or a Summons and Complaint, but rather, all such warnings and the Summons and Complaint were directed exclusively at the plaintiff who was outspoken about the fact that his conduct and that of the others was constitutionally protected free speech.

43. The issuance of the Complaint and Summons were clearly retaliatory in nature for the plaintiff's protected political and symbolic speech, and organization thereof, which was designed to protect children against injuries, learning deficits, psychological harm, and/or other damage which he and the others in attendance with him reasonably believed are being caused to children by the Board's policy.

**COUNT ONE – VIOLATION OF 42 USC § 1983 (FIRST AMENDMENT)**

44. The plaintiff repeats and reasserts each and every allegation above as if fully set forth herein.

45. At all pertinent times, all defendants were state actors acting under color of law.

46. Upon information and belief, the defendants, or some of them, conspired to cause defendants Alfeldi and the Freehold Township Police Department to issue a Complaint and Summons to the plaintiff in retaliation for him organizing and leading a constitutionally protected political and symbolic protest against the Board's masking policies.

47. By so doing and by issuing the plaintiff a Summons, the defendants violated the plaintiff's civil rights to exercise his overtly political speech and symbolic speech, and to attempt to chill his future engagement of such politically protected political speech and symbolic speech, all of which is protected by the United States Constitution, amends. 1 and 14, and Art. 1 par. 6 of the New Jersey Constitution, and the plaintiff has been damaged thereby, as well as the public at large whose protected rights are chilled by such conduct and threats.

**WHEREFORE**, the plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. Awarding damages;

B.    Awarding punitive damages;

C.    Enjoining and restraining defendants from threatening the arrest of, threatening the Summons of, or issuing a Complaint and Summons to, any parent or citizen attending an in-person Board meeting who is exercising his or her federal and/or state Constitutional rights while not being disruptive or disorderly;

D.    Enjoining and restraining the defendants from further threats, intimidation, or coercion against the plaintiff and any other parents/citizens, via email, social media posts, or by any other means, in attempt to chill the First Amendment rights of the Plaintiff and other parents/citizens;

E.    Enjoining and restraining the defendants from taking further retaliatory action against the plaintiff;

F.    Awarding all reasonable attorneys' fees and costs incurred by the plaintiff;

G.    Awarding interest as allowed by law;

H.    Awarding such other and further relief as this Court deems equitable and just.

## COUNT TWO – NEW JERSEY CIVIL RIGHTS NJSA 10:6-2c

48. The plaintiff repeats and reasserts each and every allegation above as if fully set forth herein.

49. By their aforestated conduct, Defendants deprived the plaintiff of his substantive due process and/or other rights contrary to the United States and New Jersey Constitutions, in violation of his rights protected by the New Jersey Civil Rights, NJSA 10:6-2c *et seq.*.

50. In so acting as aforesaid, defendants subjected the plaintiff to threats, intimidation and coercion in violation of the New Jersey Civil Rights Act.

51. Pursuant to the New Jersey Civil Rights Act, and as a result of the Defendant's actions, the Plaintiff is entitled to civil damages, injunctive relief, and attorney fee shifting.

52. The plaintiff thereby has been damaged by defendants.

**WHEREFORE**, the plaintiff demands judgment in his favor, and against the defendants, jointly and severally, as follows:

A. Awarding damages;

B. Awarding punitive damages;

C. Enjoining and restraining defendants from threatening the arrest of, threatening the Summons of, or issuing a Complaint and Summons to, any parent or citizen attending an in-person Board meeting who is exercising his or her federal and/or state Constitutional rights while not being disruptive or disorderly;

D. Enjoining and restraining the defendants from further threats, intimidation, or coercion against the plaintiff and any other parents/citizens, via email, social media posts, or by any other means, in attempt to chill the First Amendment rights of the Plaintiff and other parents/citizens;

E. Enjoining and restraining the defendants from taking further retaliatory action against the plaintiff;

F. Awarding all reasonable attorneys' fees and costs incurred by the plaintiff;

G. Awarding interest as allowed by law;

H. Awarding such other and further relief as this Court deems equitable and just.

### COUNT THREE – CONSPIRACY TO VIOLATE CIVIL RIGHTS

53. The plaintiff repeats and reasserts each and every allegation above as if fully set forth herein.

54. Upon information and belief, defendants, or some of them conspired either or both before and/or after the BOE meeting to damage the plaintiff in the exercise of his civil rights as aforesaid, in violation of 42 U.S.C. § 1985.

**WHEREFORE**, the plaintiff demands judgment in his favor, and against the defendants, jointly and severally, as follows:

A. Awarding damages;

B.     Awarding punitive damages;

C.     Enjoining and restraining defendants from threatening the arrest of, threatening the Summons of, or issuing a Complaint and Summons to, any parent or citizen attending an in-person Board meeting who is exercising his or her federal and/or state Constitutional rights while not being disruptive or disorderly;

D.     Enjoining and restraining the defendants from further threats, intimidation, or coercion against the plaintiff and any other parents/citizens, via email, social media posts, or by any other means, in attempt to chill the First Amendment rights of the Plaintiff and other parents/citizens;

E.     Enjoining and restraining the defendants from taking further retaliatory action against the plaintiff;

F.     Awarding all reasonable attorneys' fees and costs incurred by the plaintiff;

G.     Awarding interest as allowed by law;

H.     Awarding such other and further relief as this Court deems equitable and just.

## JURY DEMAND

The plaintiff demands trial by jury of twelve persons as to all counts so triable.

**MURRAY-NOLAN BERUTTI LLC**

By: *Ronald A. Berutti*
Ronald A. Berutti

Dated: February 22, 2022

## VERIFICATION

George Falcone, of full age, declares the following under penalties of perjury:

1. I am the plaintiff herein and am fully familiar with the facts and circumstances

herein;

2. I have reviewed the Complaint and know its contents to be true, except as to the matters stated on information and belief which I believe to be true.

Dated: February 22, 2022

_____
George Falcone