## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

GEORGE FALCONE,

      *Plaintiff,*

v.

NEAL DICKSTEIN, *personally and in his capacity as the Superintendent of Freehold Public Schools*, MICHELLE LAMBERT, *personally and in her capacity as the President of the Freehold Board of Education*, MICHAEL S. AMOROSO, *personally and in his capacity as the Vice President of the Freehold Board of Education*, DEBRA COSTANZA, *personally and in her capacity as a member of the Freehold Board of Education*, ELENA O'SULLIVAN, *personally and in her capacity as a member of the Freehold Board of Education*, MARY COZZOLINO, *personally and in her capacity as a member of the Freehold Board of Education*, MEG THOMANN, *personally and in her capacity as a member of the Freehold Board of Education*, NEIL GARGIULO, *personally and in his capacity as a member of the Freehold Board of Education*, KERRY VENDITTOLI, *personally and as a member of the Freehold Board of Education*, FREEHOLD BOARD OF EDUCATION, FREEHOLD TOWNSHIP POLICE DEPARTMENT, MYROSLAV AFELDI, *personally and in his capacity as a Freehold Township Police Officer*, JOHN DOES 1-25, *said names being fictitious*,

      *Defendants.*

Civil Action No. 3:22-cv-921

## MEMORANDUM AND ORDER DISMISSING THE COMPLAINT

1

This case is before the Court on Defendants' motions to dismiss, (ECF Nos. 6, 12), Plaintiff George Falcone's Amended Complaint, (ECF No. 5). One motion is by the Freehold Township Police Department and Officer Myroslav Afeldi ("Police Defendants"), (ECF No. 6), and the other is by the Freehold Board of Education ("BOE"), its members, and the Freehold Public Schools ("BOE Defendants"), (ECF No. 12). The dispute between the parties originates with BOE's mask mandate, issued pursuant to executive orders issued by Governor Philip D. Murphy during the COVID-19 pandemic. The Amended Complaint primarily alleges the Defendants violated Falcone's constitutional rights to freedom of speech and expression by (1) retaliating against his maskless attendance of a BOE meeting, and (2) by cancelling a subsequent meeting in anticipation of his maskless attendance. Oral argument was held on July 20, 2022.

Because Falcone lacks standing to bring his claims, the Amended Complaint is dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction. In sum, Falcone's alleged injuries are not traceable to Defendants because the BOE was required to impose a mask mandate pursuant to executive orders issued by Governor Murphy.[1]

---

[1] Because standing is a matter of jurisdiction, *Soc'y Hill Towers Owners' Ass'n v. Rendell*, 210 F.3d 168, 175 (3d Cir. 2000), the Court will decide Defendants' motion to dismiss under Rule 12(b)(1). "An attack on standing under Rule 12(b)(1) prior to the filing of an answer . . . is considered under the same standard as a motion under Rule 12(b)(6)." *Willekes v. Serengeti Trading Co.*, 783 Fed. App'x 179, 183 (3d Cir. 2019). "Under Rule 12(b)(6), a court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the

## I.

The initial question before the Court is that of jurisdiction. *Soc'y Hill Towers Owners' Ass'n v. Rendell*, 210 F.3d 168, 175 (3d Cir. 2000). Judicial authority requires the existence of a case or controversy. U.S. Const. art. III, § 2. The question is critical to address fully before any discussion of the merits of the case. A judgment on the merits without jurisdiction would essentially amount to an advisory opinion, which the Supreme Court has long held to be counter to the role of federal courts. *Muskrat v. United States*, 219 U.S. 346, 362 (1911); *Hayburn's Case*, 2 Dall. 409 (1792).

Article III constitutional standing requires the following three elements: (1) the plaintiff must have suffered an injury in fact that is actual or imminent, not conjectural or hypothetical; (2) the injury has to be fairly traceable to the challenged action of the defendant; and (3) it must be likely that the injury will be redressed by a favorable decision.[2] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). The injury must also be "particularized" by "affect[ing] the plaintiff in

---

nonmoving party to 'determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). However, a court "may consider documents integral to or explicitly relied upon in the complaint, or any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016) (internal quotation marks omitted).

[2] The injury must be redressable in the sense that the judgment of a federal court, and each form of relief, must be able to compensate or relieve the plaintiff's injury. *Uzuegbunam v. Preczewski*, 592 U.S. ____, 141 S. Ct. 792, 801 (2021).

a personal and individual way"; it also must be "concrete" and "actually exist."

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 339-40 (2016).[3]

Relevant here, the injury must be traceable in the sense that it would not

have been caused "but for" the acts of the defendants.  *See Pitt News v. Fisher*, 215

F.3d 354, 361 (3d Cir. 2000).  Further, the injury must not be "the result of the

independent action of some third party not before the court . . . ."  *Bennett v. Spear*,

520 U.S. 154, 167 (1997).  "If the injury-in-fact prong focuses on whether the

plaintiff suffered harm, then the traceability prong focuses on who inflicted that

harm."  *Toll Bros. v. Twp. of Readington*, 555 F.3d 131, 142 (3d Cir. 2009).

## II.

Falcone submits that he was injured in two ways that relate to the BOE's

mask mandate:[4]

(1) He received a summons for trespassing after appearing at a February 8,

2022, BOE meeting without wearing a mask.[5]  He submits his

---

[3]  The plaintiff bears the burden to prove these elements.  *Lujan*, 504 U.S. at 560–61.  The level and manner of proof change with successive stages of the litigation as subject matter jurisdiction may be raised at any time.  *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990); *see* Fed. R. Civ. P. 12(h)(3).  At the pleading stage, the plaintiff must "clearly allege facts demonstrating" each element.  *Spokeo*, 578 U.S. at 338 (internal quotation marks omitted).

[4]  Falcone brings claims under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c).

[5]  The Court does not address the validity of the municipal court summons in this memorandum. The Court asked the parties to address the applicability of abstention under *Younger v. Harris*, 401 U.S. 37 (1971); the parties all submitted that the *Younger* abstention does not apply, (ECF Nos. 17, 19, 20).

masklessness was a form of speech or expression protected by the First

Amendment to the United States Constitution, and that Defendants

retaliated against his protected activity with the summons.  (Amended

Complaint at ¶¶19-42).

(2) The BOE cancelled a February 22, 2022, meeting after Falcone arrived

maskless.  The cancellation of the meeting was intended "to prevent

[him] from exercising [his] constitutional rights," specifically appearing

at that meeting without a mask in protest of the BOE's mask mandate.

(*Id.* at ¶¶44-46).

Falcone does not allege traceable injuries.  This case is similar to *Celauro v.*

*Fed. Express Ground*, 548 F. Supp. 3d 1034, 1041 (D. Colo. 2021).  In that case,

FedEx required its employees at a Colorado facility to wear masks at work

pursuant to an executive order issued by Colorado's governor in response to the

COVID-19 pandemic.  *Id.* at 1038.  The plaintiff, a FedEx employee, refused to

wear a mask at work, and he brought suit against FedEx and several FedEx

employees after being told not to return maskless and later terminated.  *Id.* at 1037-

38.  The plaintiff did not sue Colorado's governor.  *Id.* at 1041-42.  The district

court held:

> the Governor of Colorado is a third party not before this
> Court who independently issued Executive Order D 2020
> 039 requiring that workers in "Critical Businesses"
> "[w]ear medical or non-medical cloth face coverings."

> Therefore, the Court finds that causation is lacking
> because the Governor of Colorado's Executive Order was
> the direct cause of any injury allegedly sustained by
> Plaintiff, not Defendants' company policy.

*Id.* at 1041.  The same logic can be applied here.

In this case, the BOE in September 2021 imposed a mask mandate pursuant to three August 6, 2021, executive orders issued by New Jersey Governor Phillip D. Murphy (orders 251, 280, and 281).  (ECF No. 12-4 at 3).  The BOE's mask mandate required "all staff, students, and visitors wear a mask, regardless of vaccination status, in the indoor premises of school buildings," except in instances of medical or practical necessity.  *Id.*  Executive Order 251 provided:  "All public, private, and parochial preschool programs and elementary and secondary schools, including charter and renaissance schools (collectively "school districts"), *must maintain a policy regarding mandatory use of face masks by staff, students*, **and visitors in the indoor portion of the school district premises** . . . ."  Exec. Order No. 251 (N.J. Aug. 6, 2021) (emphasis added).[6]  Since March 2022, the executive

---

[6]  The purpose of the executive order was "to protect the public health, safety, and welfare against the emergency created by COVID-19 . . . ."  Exec. Order No. 251 (N.J. Aug. 6, 2021).  None of the parties dispute that the BOE headquarters is a "school district premises."  In issuing his executive orders, Governor Murphy relied on, in part, the New Jersey Emergency Health Powers Act, N.J.S.A. § 26:13-1, *et seq.*; and the New Jersey Civilian Defense and Disaster Control Acts, N.J.S.A. § App. A:9-33, *et seq.*  The New Jersey Health Powers Act "generally grants the New Jersey Governor and other state officials certain powers to act in an emergency." *Gaviria v. Lincoln Educ. Servs. Corp.*, 547 F. Supp. 3d 450, 455 (D.N.J. 2021).  For instance: "With respect to a declared state of public health emergency, the [Commissioner of Health] may take all reasonable and necessary measures to prevent the transmission of infectious disease . . . and apply proper controls and treatment for infectious disease . . . ."  N.J.S.A. § 26:13-2.

orders have not been in effect.  Exec. Order 292 (N.J. Mar. 4, 2022).  At oral

argument, counsel for the BOE defendants confirmed same.

In short, the mask mandate emanated from the Governor's Executive Order

and the BOE was obligated to comply with it.  Therefore, his injuries are not

traceable to Defendants; but lie squarely against the Governor who is not a party to

this litigation.  Likewise, his claims for injunctive relief are not redressable,

because an injunction directed at Defendants would not enjoin the Governor from

implementing or enforcing a mask mandate.[7]

This case is also similar to *Parker v. Wolf*, 506 F. Supp. 3d 271 (M.D. Pa.

2020), which the Police Defendants rely upon.  (ECF No. 6-3 at 15-16).  In *Parker*,

the plaintiffs claimed to have been injured by Pennsylvania's mask mandate, but

the court held that (1) they pled no injury which differentiated themselves from any

other Pennsylvania resident, and (2) the injury was not redressable because the suit

sought to stop only three Pennsylvania officials from enforcing the mandates while

other officials could enforce local mask mandates.  506 F. Supp. 3d at 287-88.

Similarly here, Falcone has sued the Police and BOE defendants who were not

responsible for the statewide mask mandate inside school premises, but were

---

[7]  The claims for injunctive relief are also moot because the Governor's executive orders are no longer in effect, Exec. Order 292 (N.J. Mar. 4, 2022), and the BOE's mask mandate is not in effect.

mandated by the Governor to implement and enforce their own mandate, and who

ultimately are not responsible for his alleged injuries.


## ORDER

**THIS MATTER** having come before the Court on Defendants' Motions to

Dismiss Plaintiff's Amendment Complaint (ECF Nos. 6, 12); and the Court having

carefully reviewed and taken into consideration the submissions of the parties, as

well as the arguments and exhibits therein presented; and for good cause shown;

and for all of the foregoing reasons,

**IT IS** on this 6th day of September, 2022,

**ORDERED** that Defendant's motion to dismiss is **GRANTED** and the

Amended Complaint is **DISMISSED WITH PREJUDICE.**

The Clerk is directed to close the file.


s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.