<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GEORGE FALCONE,<br><br>                Plaintiff,<br><br>   v.<br><br>NEIL DICKSTEIN, *et al.*,<br><br>                Defendants. | Civil Action No. 22-921 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

<u>**CASTNER, District Judge**</u>

      **THIS MATTER** comes before the Court upon two separate Motions to Dismiss Plaintiff's Second Amended Complaint (SAC) (ECF No. 31) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). Defendants Freehold Board of Education, Neal Dickstein, Michelle Lambert, Michael S. Amoroso, Jennifer Patten, Debra Costanza, Elena O'Sullivan, Mary Cozzolino, Meg Thomann, Neil Garguilo, and Kerry Vendittoli (the Board Defendants) move to dismiss at ECF No. 32, while Defendants Freehold Township Police Department and Officer Myroslov Alfeldi (the FTPD Defendants) move to dismiss at ECF No. 33. Plaintiff opposed and the Board Defendants replied (ECF Nos. 39 and 40.[1])  The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' Motions are **GRANTED.**

---

[1]     The FTPD Defendants did not reply.

I.  **BACKGROUND**

    A.  **Factual Background[2]**

The Court presumes the reader's familiarity with the underlying facts as set forth by the United States Court of Appeals for the Third Circuit in *Falcone v. Dickstein*, 92 F.4th 193, 198-200 (3d Cir.), *cert. denied sub nom. Murray-Nolan v. Rubin*, 144 S. Ct. 2560 (2024). To briefly summarize, Plaintiff opposed the Freehold Township Board of Education's mandatory mask policy implemented during the Covid-19 pandemic. (ECF No. 31 ¶ 21.) In opposition to the mask policy, Plaintiff engaged in a "social media campaign wherein he sought to drum up popular support for serving notice on the Board related to the [P]laintiff's assertion that [D]efendants were liable for harming children with the mask mandate." (*Id.* ¶ 22.) Plaintiff announced on social media that he would "serve notice on the Board [of his intent] to take legal action which would implicate their fiduciary bond as a result of compulsory masking of children." (*Id.* ¶ 23.)

On February 8, 2022, Plaintiff attended a Board of Education meeting without wearing a mask and with "the well-known intent to engage in protected political speech and activity regarding unmasking." (*Id.* ¶ 26.) Prior to the start of the meeting, a Board member approached Plaintiff and approximately 15 unmasked individuals and "advised that they had to put masks on or the meeting would not commence." (*Id.* ¶ 28.) Plaintiff refused, and the Board called the Freehold Township Police Department (FTPD), which Plaintiff claims was intended "to force the plaintiff and others to wear masks at the meeting in violation of their civil rights, to wit, protected symbolic speech and political speech." (*Id.* ¶ 30.)

---

[2]    The factual background is taken from Plaintiff's SAC. When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Once law enforcement responded to the meeting, Defendant Officer Alfeldi of the FTPD directed Plaintiff to put on a mask. Plaintiff "responded with the advice that he was engaged in constitutionally protected activities, including his remaining unmasked, and that he would not put on a mask unless [D]efendant Alfeldi advised that he would be arrested for not doing so." (*Id.* ¶ 33.) According to Plaintiff, Officer Alfeldi "repeatedly reassured" Plaintiff that he would not be arrested. (*Id.* ¶ 34.)

After the meeting commenced, Plaintiff served what he believed to be legal papers on each Board member and spoke at the podium, "at which time he was approached by a second police officer who advised the [P]laintiff that he had to wear a mask." (*Id.* ¶¶ 36-37.) Plaintiff claims that the second police officer "selectively chose to harass him about being unmasked because [Plaintiff] distinguished himself as the most vocal critic of the Board and their masking policies." (*Id.* ¶ 37.)

After the board meeting, Plaintiff was issued a complaint and summons for defiant trespass. (*Id.* ¶ 45.) Plaintiff claims that he was never advised that he was trespassing, that he did not see a sign or notice indicating he could not attend the meeting, and that he did not breach any barrier in order to attend the meeting. (*Id.* ¶¶ 39-40.) Plaintiff also alleges a potential conspiracy, asserting that "[u]pon information and belief, defendants or some of them spoke with police officers and conspired to have the officers make examples out of those maskless critics who were most vocal." (*Id.* ¶ 44.) Plaintiff further alleges that Defendants engaged in a "coordinated effort to interfere with and violate his First Amendment protected activity including, without limitation, the service of his perceived legal process related to the Board members' fiduciary bonds." (*Id.* ¶ 44.)

On February 22, 2022, the Board of Education scheduled another meeting, which Plaintiff and others sought to attend while maskless in protest. (*Id.* ¶¶ 49-50.) According to Plaintiff,

3

however, the Board of Education cancelled the meeting, "for the purpose of defeating their ability to carry out a First Amendment protected maskless protest which would be defeated thereafter if the existing mask mandate was being lifted, as was expected, such that the symbolic message would be unavailable to the plaintiff and those similarly situated." (*Id.* ¶ 51.)

### B. Procedural Background

On February 22, 2022, Plaintiff filed his initial Verified Complaint. (ECF No. 1.) Shortly thereafter, Plaintiff filed his First Amended Complaint (FAC) alleging the following: retaliation under 42 U.S.C. § 1983 based on the First Amendment, violations of the New Jersey Civil Rights Act (NJCRA) based on violations of his substantive due process rights, including under the New Jersey Open Public Meetings Act, and conspiracy to violate civil rights in violation of 42 U.S.C. § 1985. (ECF No. 5.) Defendants moved to dismiss the FAC for failure to state a claim under Rule 12(b)(6). (ECF Nos. 6 and 12.) Without reaching the merits of Plaintiff's claims, the Court found that Plaintiff lacked Article III standing and dismissed the FAC with prejudice. (ECF No. 21.) Plaintiff timely appealed.[3] (ECF No. 22.) On appeal, the Third Circuit concluded that Plaintiff had Article III standing, and thus remanded the case. (ECF No. 25.) Upon remand, the Court granted Plaintiff leave to amend his Complaint for the limited purpose of amending his conspiracy claim.[4] (ECF No. 30.) Plaintiff filed the SAC, leaving intact claims for violations of 42 U.S.C. § 1983 based on the First Amendment (Count One)[5] and the NJCRA based on substantive due process, the New Jersey Constitution, and the New Jersey Open Public Meetings

---

[3] The Third Circuit consolidated its review of Plaintiff's case with its review of *Murray-Nolan v. Rubin*, Civ No. 22-801, 2022 WL 4104343 (D.N.J. Sept. 8, 2022).

[4] Plaintiff affirmatively abandoned his claim for civil conspiracy under § 1985 on appeal. *See Falcone*, 92 F.4th at 199 n.3.

[5] The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.

Act (Count Two).  Plaintiff also added a claim for common-law civil conspiracy (Count Three).  (ECF No. 31.)  All Defendants have moved to dismiss the SAC.  (ECF Nos. 32 and 33.)  On July 10, 2024, the case was reassigned to the undersigned.  (ECF No. 41.)

## II.     LEGAL STANDARD

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'"  *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dir. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)).  When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements."  *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)).  The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim."  *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

## III.    DISCUSSION

### A.     First Amendment Violation Under § 1983 (Count One)

Plaintiff's claim for retaliation under the First Amendment must be dismissed because Plaintiff fails to allege that he engaged in protected speech.  To state a First Amendment retaliation claim under § 1983, a plaintiff must allege the following elements: "(1) he engaged in

5

constitutionally protected conduct; (2) the defendant took adverse action sufficient to deter a person of ordinary firmness from exercising his rights; and (3) the adverse action was prompted by plaintiff's protected conduct." *Mann v. Brenner*, 375 F. App'x 232, 236 (3d Cir. 2010). Plaintiff's claim fails on the first prong; he has not shown that he engaged in constitutionally protected "speech" leading to retaliation.

In his FAC and briefing in opposition to Defendants' Motions to Dismiss, Plaintiff relied on the theory that refusing to wear a mask was protected speech. (*See generally* ECF Nos. 9, 13, and 20.) But the Third Circuit has rejected that proposition, noting that "refuse[ing] to wear a protective mask as required by valid health and safety orders put in place during a recognized public health emergency" is not protected by the First Amendment. *Falcone*, 92 F.4th at 197. In so holding, the Third Circuit aligned itself with "all courts to address this issue." *Id.* The Court is unpersuaded by Plaintiff's argument that this holding is not fatal to his First Amendment claim.

For instance, Plaintiff characterizes the Third Circuit's holding—that refusing to wear a mask during a public health emergency is not "speech"—as "an open question of law" because the United States Supreme Court has not weighed in. (ECF No. 39 at 16.) Plaintiff's suggestion that this Court should (or could) ignore binding Third Circuit precedent is unavailing. *See Vujosevic v. Rafferty*, 844 F.2d 1023, 1030 n.4 (3d Cir. 1988) ("It is, of course, patent that a district court does not have the discretion to disregard controlling precedent simply because it disagrees with the reasoning behind such precedent); *Rogers v. Grewal*, Civ. No. 18-01544, 2018 WL 2298359, at *3 (D.N.J. May 21, 2018), *aff'd sub nom.*, *Rogers v. Att'y Gen. New Jersey*, Civ. No. 18-2366, 2018 WL 10808705 (3d Cir. Sept. 21, 2018) (noting that district courts "may only set aside Third Circuit precedent '[w]hen subsequent Supreme Court decisions implicate Third Circuit precedent' and 'the Supreme Court has effectively overruled that precedent or has rendered a decision that is

6

necessarily inconsistent with Third Circuit authority.'" (quoting *Fenza's Auto, Inc. v. Montagnaro's*, Inc., Civ. No. 10-3336, 2011 WL 1098993, at *7 (D.N.J. Mar. 21, 2011))). To the extent Plaintiff argues that refusing to wear a mask was protected speech, that argument must be rejected.

Plaintiff also points to other protected speech he engaged in that Defendants violated, such as "organizing a protest online of which defendants [were] allegedly aware," "serv[ing] defendants with process seeking to have their fiduciary bonds removed," and "speaking about the Board's policies." (ECF No. 39 at 17. [6]) However, while on appeal, the Third Circuit invited this Court to consider "if [Plaintiff] has forfeited any theory that the 'constitutionally protected conduct' undergirding his First Amendment retaliation claim is something other than his refusal to wear a mask." *Falcone*, 92 F.4th at 205. The Circuit noted that "[a]rguably [Plaintiff] did, as he repeatedly claimed that 'not wearing a mask is politically protected freedom of speech' and that he was 'retaliated against for actions which were akin to pure speech.'" *Id.* Based on its review of the record, the Court finds that Plaintiff forfeited the argument that the constitutional violation underpinning his claims arose from anything other than his refusal to wear a mask.

Forfeiture is "the failure to make the timely assertion of a right." *United States v. Olano*, 507 U.S. 725, 733 (1993); *see also Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) (holding that a party forfeits an argument that they inadvertently fail to raise).[7] The doctrine of forfeiture "protect[s] litigants from unfair surprise[,] promot[es] the

---

[6]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[7]   A waiver is distinguished from forfeiture as waiver requires the "intentional relinquishment or abandonment of a known right." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *see also Paycom Payroll, LLC v. Richison, 758 F.3d 1198, 1203 (*10th Cir. 2014) ("Waiver is accomplished by intent, but forfeiture comes about through neglect.").

7

finality of judgments[,] conserv[es] judicial resources[,] and prevent[s] district courts from being reversed on grounds that were never urged or argued before [them]." *Falcone*, 92 F.4th at 210 (quoting *United States v. Dowdell*, 70 F.4th 134, 141 (3d Cir. 2023) (alterations in original)). Courts have ruled that a party forfeits an argument by failing to raise and support it. *See e.g., Sikirica v. Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (holding that arguments not raised or developed in an appellant's opening brief were forfeited); *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss. . . .").

As the Third Circuit discussed in its Opinion, Plaintiff clearly outlined his position that the "speech" at issue in his First Amendment claim was Plaintiff's refusal to wear a mask. *See Falcone*, 92 F.4th at 205. The Court agrees that Plaintiff made his position clear in his briefs in opposition to Defendants' motions to dismiss prior to the appeal. (*See, e.g.*, ECF No. 9 at 15 ("With respect to the protection afforded to [Plaintiff] by the Constitution, in the current climate, not wearing a mask is politically protected freedom of speech."); *id.* at 16 ("Here, [Plaintiff] was not wearing a mask at a public Board meeting, and no law required that he wear a mask . . . . Thus, [Plaintiff] was engaged in a symbolic act which is covered by prior Supreme Court rulings as an expression of free speech and political speech."); ECF No. 13 at 16 ("Here, [Plaintiff] was not only threatened with criminal punishment (quasi-criminal in this case), but actually received a Summons alleging quasi-criminal actions. Such Summons is alleged to have been undertaken by the defendants among and between themselves in a conspiracy to punish [Plaintiff] for his symbolic speech of not wearing a mask at a public Board meeting.").) While Plaintiff may have made stray references to other legal theories, that is insufficient to avoid forfeiture. *See Falcone*, 92 F.4th at 209. And although the Court granted Plaintiff leave to amend his state-law conspiracy

8

claim (ECF No. 30), the Court did not grant Plaintiff leave to amend his § 1983 First Amendment claim, nor would that have been in line with the Third Circuit's mandate. *See id.* at 205 ("[W]e reverse and remand for [the district court] to consider the Freehold Defendants' Rule 12(b)(6) arguments in the *first instance*." (emphasis added)).

The Third Circuit's decision regarding plaintiff Murray-Nolan is particularly instructive.[8] Murray-Nolan also refused to wear a mask at a school board meeting. *Id.* at 200. The district court dismissed Murray-Nolan's § 1983 First Amendment claim, finding that "her refusal to wear a mask was not constitutionally protected." *Id.* at 208. The Third Circuit affirmed on that basis alone, noting that it was unnecessary for the district court to continue its analysis after correctly finding that Murray-Nolan's refusal to wear a mask was not protected speech. *Id.* at 210. Moreover, the Third Circuit held that "[t]o the extent Murray-Nolan's First Amendment retaliation claim is based on a different theory—that she was punished for some other protected conduct— we deem that argument forfeited." *Id.* at 208. The Court reasoned that "in response to the [d]efendants' motions to dismiss, Murray-Nolan squarely argued her 'constitutionally protected activity' underlying her First Amendment retaliation claim was her 'not wearing a mask.'" *Id.* at 209. Finally, the Third Circuit noted that courts have discretion to reach forfeited issues in "truly exceptional circumstances," but declined to do so there. *Id.* at 210.

In this case, the Court reaches the same conclusion as the Third Circuit did with respect to Murray-Nolan. Plaintiff has forfeited any argument that his constitutionally protected speech was something other than his refusal to wear a mask and, in light of the Third Circuit's holding in *Falcone,* he has not alleged that he engaged in constitutionally protected speech. Plaintiff's § 1983

---

[8] Since Plaintiff's case and Murray-Nolan's case "stem from similar sets of facts and involve related issues of law," the Third Circuit consolidated them for review. *Falcone*, 92 F.4th at 198.

9

First Amendment retaliation claim (Count One) will therefore be dismissed with prejudice[9] as to all Defendants.

### B. State-Law Claims (Counts Two and Three)

Having dismissed Plaintiff's lone federal-law claim, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims for violations of the NJCRA and for common-law conspiracy.[10] Where a federal court has original jurisdiction over certain claims, it also has supplemental jurisdiction over all other related claims that form part of the "same case or controversy" under Article III of the United States Constitution. 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (same). Section 1367 (c)(3) provides that district courts "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." As relevant here, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state law claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for

---

[9] *See Falcone*, 92 F.4th at 210 (affirming dismissal of complaint with prejudice in *Murray-Nolan v. Rubin*, 2022 WL 4104343 where the plaintiff failed to allege that she was engaged in constitutionally protected conduct).

[10] *See Murray v. Ostrowski*, Civ. No. 22-812, 2023 WL 6518174, at *2 (D.N.J. Oct. 4, 2023), *reconsideration denied*, Civ. No. 22-812, 2023 WL 8757636 (D.N.J. Dec. 19, 2023) (declining to exercise supplemental jurisdiction over civil conspiracy claim); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 939 F. Supp. 398, 401 (E.D. Pa. 1996) ("Civil conspiracy is a state law claim. This court does not believe that merely alleging that the conspiracy was to violate a federal law converts a state claim to a federal claim."); *Kimberton Healthcare Consulting, Inc. v. Specialty Care Mgmt., LLC*, Civ. No. 10-0150, 2010 WL 4978097, at *1 (E.D. Pa. Nov. 24, 2010) ("Plaintiff's lone and unsubstantiated reference to 'federal law' when pleading civil conspiracy is insufficient to trigger original federal question jurisdiction." (citing Fed. R. Civ. P. 8)); *Jackson v. Strayer Coll.*, 941 F. Supp. 192, 196 (D.D.C. 1996), *aff'd*, Civ. No. 96-7232, 1997 WL 411656 (D.C. Cir. June 25, 1997) ("Conspiracy is a common law claim and does not invoke federal question jurisdiction.").

doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original). "Additionally, the federal court should be guided by the goal of avoiding needless decisions of state law . . . both as a matter of comity and to promote justice between the parties." *Gibbs*, 383 U.S. at 726. Here, the Court has dismissed Plaintiff's federal claim before discovery or trial, and a decision on the remaining state law claims would necessarily require analysis of New Jersey law. (*See generally* ECF Nos. 32 and 33.) Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

### IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants Motions (ECF Nos. 32 and 33) are **GRANTED**. Count One of the SAC is **DISMISSED** with prejudice. The Court declines to exercise supplemental jurisdiction over Counts Two and Three of the SAC. An appropriate Order follows.

Dated: November 20, 2024

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE